UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UBALDO R. ORELLANA BATRES,<br><br>             Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>             Defendant. | Case No. CV 10-0056-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS |

**PROCEEDINGS**

On January 7, 2010, Ubaldo R. Orellana Batres ("Plaintiff" or "Claimant") filed a Complaint seeking review of the decision by the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for disability benefits under Title II of the Social Security Act. On July 23, 2010, the Commissioner filed an Answer to the Complaint. On October 4, 2010, the parties filed a Joint Stipulation ("JS") setting forth their positions and the issues in dispute.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the undersigned Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be reversed and

remanded for further proceedings in accordance with law and with this Memorandum Opinion and Order.

## BACKGROUND

Plaintiff was born on August 5, 1965, and was 42 years old on his alleged disability onset date of October 5, 2007. (AR 84.) Plaintiff filed an application for Disability Insurance Benefits on or about February 14, 2008. (AR 12, 84-86.) Plaintiff claims he is disabled due to diabetic neuropathy and fibromyalgia. (AR 118.) Plaintiff has not engaged in substantial gainful activity since October 4, 2007. (AR 16, 103.)

Plaintiff's claim was denied initially on May 16, 2008 (AR 43-47), and on reconsideration on September 23, 2008. (AR 49-53.) Plaintiff filed a timely request for hearing on October 2, 2008. (AR 54-55.) Plaintiff appeared with counsel and testified at a hearing held on April 29, 2009, before Administrative Law Judge ("ALJ") Robert Evans. (AR 21-40.) The ALJ issued a decision denying benefits on July 7, 2009. (AR 12-17.) On August 24, 2009, Plaintiff filed a timely request for review of the ALJ's decision. (AR 8.) The Appeals Council denied review on November 6, 2009. (AR 2-4.) Plaintiff then commenced the present action.

## DISPUTED ISSUE

As reflected in the Joint Stipulation, there is one disputed issue: whether the ALJ properly considered Plaintiff's subjective symptom testimony. (JS at 3.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson

v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d) (1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Id. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482

U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must account for all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## DISCUSSION

### A. The ALJ's Decision

In this case, the ALJ determined at step one of the sequential evaluation that Plaintiff has not engaged in substantial gainful activity since October 5, 2007, his alleged disability onset date. (AR 16.)

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

4

At step two, the ALJ determined that Plaintiff has the severe impairment of type II diabetes mellitus with peripheral neuropathy. (AR 16.) Plaintiff alleged that he had fibromyalgia and one of his treating physicians wrote that he had fibromyalgia (AR 193), but the ALJ did not list fibromyalgia as a severe impairment, presumably because Plaintiff's treating physician "did not specify any trigger points." (AR 15; see AR 27.)

At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 16.)

The ALJ found that Plaintiff has the RFC to perform "the full range of light work . . . with no working at unprotected heights or around dangerous moving machinery." (AR 16.)

At step four, the ALJ relied on the testimony of a vocational expert in finding that Plaintiff could perform his past relevant work as a utility bag assembler, and is therefore not disabled. (AR 16.)

### B. The ALJ Did Not Properly Evaluate Plaintiff's Credibility.

Plaintiff argues that the ALJ did not provide legally sound reasons for discounting his credibility. (JS at 4-13, 21-22.) The Court agrees.

#### 1. Pertinent Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 & n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's symptom testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. These findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins v. Massanari, 261

F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

### 2. Analysis

In this case, the ALJ determined the he "cannot rely on [Plaintiff's] testimony as establishing greater limitations than those set forth [in the RFC assessment] because his statements are not entirely credible."[2] (AR 15.) Plaintiff testified, among other things, that he cannot sit, stand, or walk for more than ten to fifteen minutes at one time; numbness prevents him from moving his hands, arms or back on a daily basis; and he has difficulty concentrating and memory problems. (AR 27-32.) The ALJ offered several reasons for discounting Plaintiff's credibility. The Court finds none of them to be clear and convincing.

First, the ALJ found that Plaintiff "embellish[ed] on lifting at his past work as a utility bag assembler." (AR 15.) The ALJ wrote "that [Plaintiff] testified that he had to carry 80 pounds often for [half] a block; however, this is not credible since carts, dollies, etc. are generally available, per [the] vocational expert." (AR 16.) The ALJ accurately characterized Plaintiff's testimony about his past work (see AR 25-26), but he did not fairly rely on the vocational expert's testimony to discount Plaintiff's credibility. The vocational expert did testify that "normally" the job of utility bag assembler is "performed with dollies or carts or carriers of some kind" and that "[m]oderate size companies certainly do have . . . dollies or other devices." (AR 33-34.) But the expert also stated "[t]hat's not to say that [Plaintiff] didn't perform [his past work] the way he said he did" because his employer "apparently was a company that didn't have that equipment." (AR 34.) The ALJ did not cite any other

---

[2]For the sake of analysis, the Court assumes that the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. On remand, the ALJ should make this finding express.

evidence that Plaintiff's prior work differed from his description. Thus, the ALJ's conclusion that Plaintiff exaggerated the demands of his prior work amounts only to speculation and does not clearly and convincingly detract from Plaintiff's credibility.

Next, the ALJ wrote that Plaintiff's "daily activities are . . . inconsistent with his allegations." (AR 15.) The ALJ cited Plaintiff's "report[] that he lived in a house with his wife and 11 years old daughter, he took care of his personal needs, watched television, took walks, read [the] newspaper, talked on the telephone and he socialized with friends and family members." (Id. (citing Exhibit 6E [AR 136-43]).) The ALJ did not mention any of Plaintiff's other statements about his activities of daily living, including that he wears pants with elastic waistbands because he has difficulty with buttons; he uses the shower because he cannot get in and out of the bathtub; he cannot "help around the house," do yard work, or drive; he needs assistance whenever he goes beyond the front of his house; it is extremely difficult for him to climb stairs; he typically does not go anywhere because he cannot focus; and he cannot cook for himself. (AR 30-32, 137, 139, 143.) On the record as a whole, the ALJ's conclusion that Plaintiff's activities of daily living undermine his allegations of disability is not supported by substantial evidence. See Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004) ("[T]he mere fact that a plaintiff has carried on certain daily activities . . . does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." (quoting Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001))). This reason, too, fails to detract from Plaintiff's credibility.

As the final reason for supporting his adverse credibility determination, the ALJ wrote that Plaintiff "does not appear to be too motivated to work." (AR 15.) The ALJ did not cite any evidence in support of this conclusion. Plaintiff's earnings record indicates that he worked four quarters per year from 1995 through 2007, when he alleges he became disabled. (AR 92.) He earned over $30,000 each year from 1997 through 2007. (Id.) Plaintiff wrote that he has "always been a hard working man," he "loved [his] job," and he "was always read[y] to take on any overtime that the company would allow," but his condition

7

1 eventually prevented him from working. (AR 119, 126.) The ALJ's statement that Plaintiff
2 lacks motivation to work appears to be pure conjecture. This reason does not clearly and
3 convincingly detract from Plaintiff's credibility.

    Remand is warranted for the ALJ to reassess Plaintiff's credibility.

## ORDER

    In accordance with the Memorandum Opinion and Order Reversing Decision of Commissioner and Remanding for Further Proceedings filed concurrently herewith,

    IT IS HEREBY ADJUDGED that the decision of the Commissioner of Social Security is REVERSED and this matter is REMANDED for further proceedings.

DATED: January 19, 2011

*/s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE